IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

SHEILA A. CLOVIS, Administratrix of
the Estate of JEFFREY ALLEN CLOVIS,
deceased,

    Plaintiff,

  v.                                      Civil Action No. 1:18-cv-147
                                          (Judge Kleeh)

J.B. HUNT TRANSPORT, INC.,
An Arkansas Corporation, or any
Assignee, lessee, transferee, or
Any Owner of the 2015 International
Tractor-trailer driven by the
Defendant, Theodore Timothy Hill,
Jr., and THEODORE TIMOTHY
HILL, JR.,

    Defendants,

    And

J.B. HUNT TRANSPORT, INC.,

    Third-party Plaintiff,

  v.

RYDER TRUCK RENTAL, INC. and
M.R. LOGISTICS, LLC,

    Third-party Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING RYDER TRUCK RENTAL,
INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT [DKT. NO. 27]**

Pending before the Court is Third-Party Defendant Ryder Truck Rental, Inc.'s *Motion to Dismiss Third Party Complaint* [Dkt. No. 27]. Third-Party Plaintiffs, J.B. Hunt Transport, Inc. and

**MEMORANDUM OPINION AND ORDER GRANTING RYDER TRUCK RENTAL, INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT [DKT NO. 27]**

Theodore Timothy Hill, Jr., have filed their response in opposition [Dkt. No. 49] with Third-Party Defendant having replied to same [Dkt. No. 55]. With the matter fully briefed, the motion is ripe for decision. For the reasons discussed herein, the Court **GRANTS** the motion to dismiss [Dkt. No. 27].

## I.   PROCEDURAL HISTORY

Plaintiff Shelia A. Clovis, Administratrix of the Estate of Jeffrey Allen Clovis, filed her Complaint asserting a Wrongful Death claim under West Virginia Code § 55-7-6 on July 11, 2018 in the Circuit Court of Monongalia County, West Virginia [Dkt. No. 1-1]. The Complaint named J.B. Hunt Transport, Inc. and Theodore Timothy Hill, Jr. as Defendants asserting claims for negligence, respondeat superior and punitive damages. Defendants removed the matter to United States District Court for the Northern District of West Virginia on July 30, 2018, asserting diversity of citizenship jurisdiction [Dkt. No. 1].

On November 1, 2018, Defendant J.B. Hunt Transport, Inc. timely filed its *Motion for Leave to File Third-Party Complaint*. Judge Irene M. Keeley granted that motion on November 2, 2018 [Dkt. No. 18] and the Third-Party Complaint was filed on November 5, 2018 [Dkt. No. 19]. This matter was transferred to United States District Court Judge Thomas S. Kleeh on December 1, 2018 [Dkt. No. 21]. Third-Party Defendant M.R. Logistics, Inc. answered the

**MEMORANDUM OPINION AND ORDER GRANTING RYDER TRUCK RENTAL, INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT [DKT NO. 27]**

Third-Party Complaint on December 19, 2018 [Dkt. No. 24] while Third-Party Defendant Ryder Truck Rentals, Inc. filed its Motion to Dismiss as well as its Answer the same day [Dkt. No. 26]. On December 27, 2018, Defendants and Third-Party Plaintiffs J.B. Hunt Transport, Inc. and Theodore Timothy Hill, Jr. filed their Notice of Fault pursuant W. Va. Code § 55-7-13d asserting Matthew Burlakoff, M.R. Logistics, LLC and/or Ryder Truck Rentals, Inc. are wholly or partially at fault for the events described in the Complaint [Dkt. No. 35].

## II. FACTUAL BACKGROUND

According to the Complaint,[1] early in the morning of August 9, 2016, Defendant Theodore Timothy Hill, Jr. was driving a 2015 International Oklahoma registered tractor-trailer owned by Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") [Dkt. No. 1-1 at ¶5]. Hill was traveling north on Interstate 79 in Monongalia County, West Virginia [Id.]. In the same area, Matthew Burlakoff was operating a Freightliner 2013 Cascadia owned by Third-Party Defendant Ryder Truck Rentals, Inc. ("Ryder") and leased to Mr. Burlakoff's employer, M.R. Logistics, Inc. [Id. at ¶6]. That

---

[1] "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)(citation omitted). The Court, of course, applies the same standard to third-party complaints when addressing a motion to dismiss.

vehicle was experiencing mechanical difficulties which ultimately caused the Freightliner to come to a stop on the right side of the road [Id. at ¶7]. Mr. Burlakoff contacted Summers Towing Company ("Summers") of Morgantown for a tow of both the tractor and the trailer [Id.]. While awaiting assistance from Summers, Mr. Burlakoff set out orange reflective triangles in the road way of the interstate [Id.].

Eventually, two wreckers arrived from Summers including one truck driven by the decedent Mr. Clovis [Dkt. No. 1-1 at ¶¶8-9]. He parked his tow truck immediately behind the trailer with his lights flashing [Id. at ¶9]. Both the trailer (owned by Ryder and leased by M.R. Logistics) and tow truck had all appropriate reflective tapes and its white color reflected the flashing lights from Mr. Clovis' truck along with the orange triangles on the road [Id.]. Notwithstanding these safety measures, without warning, Defendant Hill "negligently, carelessly and in reckless and wanton disregard of the vehicles and persons on the roadway at that time slammed and crashed into the rear of the Clovis tow truck, propelling and driving it forward into the right rear bumper of the Ryder tractor, causing it to fly off the roadway onto the embankment to the east of Interstate 79" [Id. at ¶12]. Mr. Clovis was tragically instantly killed as a result of the collision and was thrown from his tow truck [Id.].

**MEMORANDUM OPINION AND ORDER GRANTING RYDER TRUCK RENTAL,
INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT [DKT NO. 27]**

J.B. Hunt's Third-Party Complaint alleges the Freightliner was experiencing "mechanical difficulties" on August 8-9, 2016 [Dkt. No. 19 at ¶7]. Those difficulties are alleged to include "low coolant" and "very low coolant" warnings [Id. at ¶8]. Those warnings caused the vehicle to lose power and shut down at least 4 times [Id. at ¶9-10]. Mr. Burlakoff allegedly shut off the vehicle and/or pressed a reset button in order to continue driving; however, the reset button will only work 4 times before the vehicle shuts down completely [Id. at ¶10-11]. After the vehicle was "reset" the fourth time, it came to a stop "at a more dangerous section of roadway than it was when the first warning occurred" [Id. at ¶13]. "The tractor and trailer stopped partially blocking one interstate lane, in violation of West Virginia Statutes"[2] [Id. at ¶15]. According to the Third-Party Complaint, the Freightliner had been to a Ryder facility on July 25, 2016 for maintenance [Id. at ¶17]. J.B. Hunt alleges Ryder "failed to make it road worthy which caused it to shut down in the early morning hours of August 9, 201[6]"[3] [Id. at ¶18].

---

[2] The Third-Party Complaint, unlike the Third-Party Plaintiffs' response in opposition to the pending motion, does not mention or cite any specific statutes or regulations (state or federal) nor does it allege generally or specifically what conduct of Ryder violates what "West Virginia Statutes."

[3] The Third-Party Complaint mistakenly references August 9, 2018, as the date of the incident.

**MEMORANDUM OPINION AND ORDER GRANTING RYDER TRUCK RENTAL, INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT [DKT NO. 27]**

The two-count Third-Party Complaint asserts one claim against Ryder for "negligence." J.B. Hunt alleges Ryder had a duty to maintain the tractor unit in a reasonably safe condition and a duty to maintain the tractor unit to ensure it would not break down on public roadways and endanger the public [Dkt. No. 19 at ¶20-21]. J.B. Hunt alleges Ryder did not maintain the vehicle in a reasonably safe condition and, as a proximate result, the vehicle broke down on a public roadway "where the accident occurred causing or contributing to the death of Plaintiff's decedent" [Id. at ¶22-24]. The Third-Party Complaint does not allege Ryder's actions caused J.B. Hunt or Mr. Hill any damages. Instead, Third-Party Defendants "demand judgment against Ryder Truck Rentals, Inc. . . . for an amount to be determined by a jury" [Id. at Prayer for Relief].

### III. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Despite the liberal standard Rule 8 imposes, Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee

**Clovis v. J.B. Hunt, et al.**     Civil Action No. 1:18-cv-147

**MEMORANDUM OPINION AND ORDER GRANTING RYDER TRUCK RENTAL, INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT [DKT NO. 27]**

Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

## IV. **DISCUSSION**

Third-Party Defendant Ryder seeks dismissal of the Third-Party Complaint primarily because of the 2015 revisions to West Virginia comparative negligence law specifically the near total abolition of claims for contribution given the establishment of several liability as the norm. See W. Va. Code §55-7-13c; W. Va. Code §55-7-13d. As the Supreme Court of Appeals of West Virginia has noted, these relatively new statutes "purport to fully occupy the field of comparative fault and the consideration of 'the fault

7

of parties and nonparties to a civil action.'" Modular Bldg. Consultants of W. Va., Inc. v. Poerio, Inc., 774 S.E.2d 555, 567 n.12 (W. Va. 2015).[4]

W. Va. Code §55-7-13c(a) provides that "[i]n any action for damages, the liability of each defendant for compensatory damages shall be several only and may not be joint." Defendants may only be held liable for the amount of compensatory damages allocated to that defendant based on its percentage of fault. W. Va. Code §55-7-13c(a). The statute provides an initial exception to this general rule where two or more defendants "consciously conspire and deliberately pursue a common plan or design to commit a tortious act or omission." Id. In such cases, liability may be joint and a right of contribution from other defendants exists. Id. No such allegations are made in either the Complaint or Third-Party Complaint.

**A.  The Third-Party Complaint Fails To Allege Criminal Conduct.**

Despite the statutory default to several liability only, joint and several liability may still exist under very limited circumstances only one of which possibly arises here – "A defendant

---

[4] This Court does not perceive W. Va. Code §55-7-13 to "purport" to address the comparative fault issues in this case. Instead, this Court believes these sweeping statutory provisions completely govern the issues raised in the pending motion as well as civil actions seeking recovery for the actionable negligence of others.

whose acts or omissions constitute criminal conduct which is a proximate cause of the damages suffered by the plaintiff ..." W. Va. Code §55-7-13c(h)(2). In its Motion to Dismiss, Third-Party Defendant Ryder argues the Third-Party Complaint is nothing more than a claim for contribution in disguise. Third-Party Plaintiffs, apparently conceding that point, suggest the "criminal conduct" exception applies and justifies the assertion of their third-party "negligence" claim.[5] The response to the pending motion offers a compendium of federal and state statutes and regulations that Third-Party Plaintiffs argue applies and "constitutes criminal conduct." However, the Third-Party Complaint is silent on that front other than a vague, non-specific allegation that there was a "violation of West Virginia Statutes"[6] [Dkt. No. 19 at ¶15].

The specific allegation of the Third-Party Complaint is noteworthy – "The tractor and trailer stopped partially blocking one interstate lane, in violation of West Virginia Statutes" [Dkt.

---

[5] Inexplicably, Third-Party Plaintiffs do not assert this exception or even mention W. Va. Code §55-7-13c in their Third-Party Complaint. The claim against Ryder sounds only in negligence despite, as discussed *infra*, the lack of any allegation of damages suffered by J.B. Hunt or Mr. Hill proximately caused by Ryder.

[6] Again, the Third-Party Complaint, unlike Third-Party Plaintiffs' response in opposition to the pending motion, does not mention or cite any specific statutes or regulations (state or federal) nor does it allege generally or specifically what conduct of Ryder violates what "West Virginia Statutes."

No. 19 at ¶15]. This is the only mention of any violation of law in the pleading and the word "criminal" is nowhere to be found. The common reading of this allegation is that it is a violation of state law to stop a tractor and trailer in an interstate lane of travel. The Third-Party Complaint is void of any allegation that Ryder's maintenance or operation of the Frieghtliner allegedly violated federal or state law. Unlike other parties, there is no allegation Ryder has been charged or indicted for criminal conduct that is the proximate cause of the tragic events outlined in the Complaint. Furthermore, Ryder has not been alleged to have been convicted of or pleading guilty to criminal conduct.

Third-Party Plaintiffs' efforts to distract from the issue are unavailing. The Court is quite aware of the minimal burden imposed at the 12(b)(6) motion stage and required under the "notice" pleading standard of Rule 8; however, a defendant should not be left to speculate as to the allegations against which it is defending. "A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." . . . Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). A complaint must possess "facial plausibility" which permits the Court to reasonably infer the defendant is liable for the alleged misconduct. Id. The

Third-Party Complaint only alleges negligence without any mention of damages to the Third-Party Plaintiffs. As discussed *infra*, that claim is deficiently pled. The Third-Party Complaint does not cite or mention the statutory provision under which Third-Party Plaintiffs now seek to proceed. Furthermore, the Third-Party Complaint does not allege criminal conduct against Ryder which could sustain a contribution theory under W. Va. Code §55-7-13c(h)(2). The required facial plausibility is lacking and dismissal is therefore appropriate.

Likewise, any effort to amend the Third-Party Complaint to assert the W. Va. Code §55-7-13c(h) exception to several liability via response briefing is inappropriate. "[A] complaint cannot be amended by a plaintiff's brief in opposition to a motion to dismiss." Phillips v. Shaw Constructors, Inc., 2012 WL 6859457 (D.S.C.), 3 (D.S.C. 2012) (citations omitted); see also Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

As discussed *supra*, the Court finds the "negligence" claim as pled against Ryder in the Third-Party Complaint to be fatally flawed under applicable West Virginia law. Regardless, the dismissal of the "negligence" claim against Ryder does not alter the apportionment of liability based on fault for J.B. Hunt or any

11

**MEMORANDUM OPINION AND ORDER GRANTING RYDER TRUCK RENTAL, INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT [DKT NO. 27]**

other parties. As noted, J.B. Hunt filed its Notice of Fault pursuant to W. Va. Code § 55-7-13d [Dkt. No. 35] preserving its opportunity to have both Third-Party Defendants on the verdict form for the jury to apportion fault among any alleged tortfeasors. As West Virginia Code §55-7-13d provides:

> (1) In assessing percentages of fault, the trier of fact ***shall consider the fault of all persons who contributed to the alleged damages regardless of whether the person was or could have been named as a party to the suit;***
> (2) Fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice no later than one hundred eighty days after service of process upon said defendant that a nonparty was wholly or partially at fault. Notice shall be filed with the court and served upon all parties to the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault[.]

W. Va. Code Ann. § 55-7-13d(a)(1 and 2) (emphasis added). As such, even in the absence of the Third-Party "negligence" claim, J.B. Hunt and Mr. Hill are still arguably only subject to several liability for their respective percentages of fault as assessed by jury.

### B. The Third-Party Complaint Fails To Allege The Essential Element of Damages.

The Third-Party Complaint is also devoid of any allegation that Ryder's breach of a duty owed caused Third-Party Plaintiffs to suffer an injury. "To recover in an action based on negligence the plaintiff must prove that the defendant was guilty of . . . negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains." Syl Pt. 1, Atkinson v. Harman, 158 S.E.2d 169, 171 (W. Va. 1967) (citation omitted). "These elements of duty, breach and *injury* are essential to actionable negligence and in the absence of any of them the action must fall." Id. at 173 (emphasis added); see also McNeilly v. Greenbrier Hotel Corp., 16 F. Supp.3d 733, 738 (S.D. W.Va. 2014) ("The basic elements of a negligence claim are duty, breach of that duty, causation, and *damages*.") (emphasis added).

Again, the Third-Party Complaint contains no allegation that Ryder's alleged negligent conduct proximately caused damages to J.B. Hunt or Mr. Hill.[7] Even under the deferential standards

---

[7] Ryder properly notes the absence of even an allegation of damages to J.B. Hunt or Mr. Hill as evidence the "negligence" claim framed in the Third-Party Complaint is merely an effort to seek contribution. The Court agrees. Given the statutory revisions to West Virginia's comparative fault system, such claims, as discussed, are unnecessary and inappropriate here. See W. Va. Code §55-7-13c(a) ("In any action for damages, the liability of each defendant for compensatory damages shall be several only and may not be joint.").

applied on a 12(b)(6) motion, Third-Party Plaintiff's failure to plead an essential element let alone sufficient factual support for that element is fatal. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me allegation." Iqbal, 556 U.S. at 678. The Third-Party Complaint falls short of even that standard and, therefore, must be dismissed.[8]

### V. CONCLUSION

For the reasons discussed above, Third-Party Defendant Ryder's *Motion to Dismiss Third-Party Complaint* [Dkt. No. 27] is **GRANTED**. Third-Party Plaintiffs' claim as asserted in the Third-Party Complaint against Ryder Truck Rental, Inc. is **DISMISSED WITH PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this memorandum opinion and order to counsel of record.

DATED: September 20, 2019

                                            /s/ Thomas S. Kleeh
                                            THOMAS S. KLEEH
                                            UNITED STATES DISTRICT JUDGE

---

[8] The Court finds this reason to be a separate and independent basis to warrant dismissal of the Third-Party Complaint to those discussed *supra*.